JAMES JOHNSON, TRUSTEE, v. JACOB KAISER, SURVIVING PARTNER OF ACKERSON & KAISER. PARTNERS.

1. A surviving partner, in an action against himself to recover a debt which he individually incurred, can set off a claim of the firm against the plaintiff.

2. The set-off must have been a subsisting right in the defendant at the time the action was commenced.

This was an action brought by the plaintiff, as trustee of one Middleton Bell, to recover for amount of fruit sold to the defendants. The defendants pleaded payment, with notice of a set-off of a note for $698, due by Johnson, individually, to defendant, Kaiser, individually. Ackerson died after plea filed. The cause was referred. The referee refused to allow the set-off. On the coming in and filing the *postea*, the defendant moves for a new trial.

Argued at February Term, 1878, before Justices VAN SYCKEL, DIXON and REED.

For the motion, *J. R. Emery.*

The opinion of the court was delivered by

REED, J. The action of the referee in refusing to allow the set-off, upon which action this application is based, was clearly right. It seems to be true that a surviving partner, to whom all the right of action survives, can set off a debt due to him individually, in an action brought against him as such surviving partner, for the recovery of a claim due from the partnership.

The surviving partner could bring an action for such claim, and could join with it in the same action a claim due to him individually. *Hancock* v. *Haywood,* 3 *T. R.* 433.

The right to interpose the set-off is clear upon principle and authority. *French* v. *Andrade,* 6 *T. R.* 582; *Slipper* v. *Stidstone,* 5 *T. R.* 493.

But it appears that the death of Ackerson occurred after plea filed. At the time of the commencement of the action, therefore, there was not in existence this individual claim of Ackerson against Johnson.

It first arose by legal operation, by the death of one of the partners, throwing upon the survivor the right of action.

The rule in England is well established that there must be an existing right to bring a cross-action at the time of suing out the writ.

The older cases indicated that if the claim existed at the time of filing the plea, it was well pleaded. *Lucus* v. *Marsh, Barnes* 453; *Sullivan* v. *Montague, Doug.* 106; *Reynolds* v. *Beerling, Doug.* 112, *n.*

Even this rule would not aid the defendant in the present action. But this idea was abandoned by the English courts, and they finally placed the doctrine as it now exists, namely, that at the time of commencing the action the set-off must be a subsisting right of action. *Evans* v. *Prosser,* 3 *T. R.* 186; *Hankey* v. *Smith,* 3 *T. R.* 509; *Babington on Set-off,* p. 68.

The Supreme Court of New York, in the case of *Carpenter* v. *Butterfield,* 3 *Johns. Cases* 145, had occasion to consider the English cases with reference to their application to the New York statute of set-off.

Opinions were delivered by Justices Kent, Thompson and Radcliff. The court held that under their act, the set-off must be an existing demand at the time of commencing the action.

In the case of *Whitaker* v. *Trumbull,* 3 *Harr.* 172, this court alluded to the case of Carpenter v. Butterfield with approval, and the doctrine of the latter case seems to have been adopted without hesitation.

In the case then under consideration, the only question was at what point of time the action was actually commenced.

It seemed to be admitted that if the counter claim arose after that time it could not be interposed as a set-off.

I consider the rule settled in this state in conformity with

the English and New York rule.   This defeats the right of
the defendant to have interposed his claim, and the refusal
to allow it was correct.   Had this difficulty not appeared,
I would have hesitated long before holding that one who
deals with a person acting in a fiduciary capacity, with knowl-
edge that he is so acting, can, in a suit brought by the trustee,
defeat the claim by an off-set against the trustee individually,
merely because the trustee has the naked legal right to sue.

The facts concerning the transaction which gave rise to the
claim sued for, are not before us sufficiently to decide it satis-
factorily, and its determination is unnecessary.

The motion is overruled, with costs.